UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NICHOLAS GLENN BAKER,<br><br>　　　　Defendant. | Case No. 4:23-cr-00261-BLW-2<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court[1] is Defendant Nicholas Glenn Baker's Motion to Revoke Magistrate Court's Order of Detention (Appeal). Dkt. 48. The Government has responded and Baker has replied. Dkts. 53, 54. Also before the Court are unopposed motions by the Government and Baker to late file the response and reply, respectively, both of which the Court finds are supported by good cause and accordingly grants. Dkts. 52, 55. The Court denies Baker's Motion (Dkt. 48) and affirms the Magistrate Court's Order of Detention (Dkt. 42).

## II. BACKGROUND

Baker and two co-defendants were charged by a grand jury on September 26, 2023,

---

[1] Judge B. Lynn Winmill presides over this case. However, due to scheduling issues, he referred the instant motion to the undersigned for adjudication. Dkt. 51.

MEMORANDUM DECISION AND ORDER - 1

with multiple counts of sexual exploitation of a minor child, distribution of child pornography, receipt of child pornography, and possession of child pornography. Dkt. 2. Baker is named as a defendant in Count Three: sexual exploitation of a minor child, pursuant to 18 U.S.C. §§ 2(a) and 2251(a) and (e); Count Six, receipt of child pornography, pursuant to 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), and 2256(8)(A); and Count Nine, possession of child pornography, pursuant to 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and 2256(8)(A). The Magistrate Court issued arrest warrants as to each defendant and conducted Baker's initial appearance and arraignment on October 4, 2023. Dkt. 21.

Chief Magistrate Judge Raymond E. Patricco held a detention hearing with respect to Baker exactly one week later. Dkt. 41. Judge Patricco ordered that Baker be detained pending further proceedings. Dkt. 42. In doing so, he first found, pursuant to 18 U.S.C. § 3142(e)(3), that a rebuttable presumption arose that no condition or combination or conditions would reasonably assure Baker's appearance and the safety of the community due to the fact that the offenses involved a minor victim. *Id*. at 2. He then found that Baker had rebutted the presumption. *Id.* However, Judge Patricco ultimately found that the Government had proven by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person and the community due to the nature and circumstances of the offense; the seriousness of the danger which Baker posed; the weight of the Government's evidence; the lengthy term of imprisonment Baker faced if convicted; and the lack of a stable residence. *Id.*; Dkt. 49, at 26:17–19.

With respect to the factors of the nature and seriousness of the offense and the danger Baker posed to any other person or the community under 18 U.S.C. § 3142(g)(1)

MEMORANDUM DECISION AND ORDER - 2

and (4), Judge Patricco underscored the instrumentality of the internet to Baker's alleged crimes and that there was no practicable method of barring his internet access if he were to be released. Dkt. 49, at 25:14–21. Although the probation officer who authored Baker's pretrial services report recommended release, Judge Patricco noted that the probation office's pretrial risk assessment process does not include a review of the facts underlying a given case in making its recommendation concerning pretrial confinement. *Id.*

Thirty days later, Baker filed the instant Motion appealing Judge Patricco's decision. Dkt. 48.

### III. LEGAL STANDARD

A district court reviews a magistrate court's detention order *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). In doing so, a district court reviews the evidence which was before the magistrate judge and makes "its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* at 1193. A district court may make its own factual determinations following this process or adopt those of the magistrate. *Id.* The magistrate judge's legal conclusions are not afforded deference under this standard. *Id.*

An appeal from a detention order must be decided promptly. 18 U.S.C. § 3145(b). A district court is not required to hold an evidentiary hearing in reviewing a magistrate court's detention order when no evidence is offered that was not before the magistrate judge. *Koenig*, 912 F.2d at 1193.

### IV. ANALYSIS

Pretrial confinement and release are governed by the Bail Reform Act, 18 U.S.C. §

3142. The Act requires that a court release a defendant pending trial unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e)(1). In other words, the Act provides a presumption in favor of pretrial release. 18 U.S.C. § 3142(b).

Some offenses which are supported by probable cause carry, instead, a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). Baker was charged with two such offenses: sexual exploitation of a minor child, pursuant to 18 U.S.C. §§ 2(a) and 2251(a) and (e), and receipt of child pornography, pursuant to 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), and 2256(8)(A). Dkt. 2; *see also* 18 U.S.C. § 3142(e)(3)(E) (enumerating certain offenses involving minor victims, including §§ 2251 and 2252A(a)(2)).

The Government filed a motion for detention pursuant to 18 U.S.C. § 3142(f)(1), asserting that a detention hearing was authorized in this matter because Baker has been charged with a crime of violence as defined in § 3156; and that a rebuttable presumption in favor of detention applied due to the charges contained in Counts III and VI of the Indictment. Dkt. 16. The Government asserted there were "no conditions of release that will reasonably assure the appearance of the Defendant as required and/or the safety of any other person and the community . . . ." *Id.* at 4. Accordingly, the Court must conduct a two-step inquiry: (1) has Baker rebutted the presumption that detention is warranted? If so, (2) has the Government shown, by a preponderance of the evidence, that there are no

MEMORANDUM DECISION AND ORDER - 4

conditions of release that will reasonably assure Baker's appearance, or, by clear and convincing evidence, that there are no conditions of release that will reasonably assure the safety of any other person and the community? *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985) (establishing the burden with respect to flight risk); 18 U.S.C. § 3142(f)(2) (establishing the burden with respect to public safety).

At a detention hearing, a court considers all available information concerning the factors set forth in § 3142(g). Evidence is not limited to sworn testimony and formal exhibits; parties can "present information by proffer or otherwise." 18 U.S.C. § 3143(f)(2).

### A. The Rebuttable Presumption

Although the Court of Appeals for the Ninth Circuit has not established a standard by which to measure whether a defendant has rebutted the presumption of detention, many of its sister circuits agree that a defendant need only produce "some evidence" that he is not a flight risk or a danger to the community. *See United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991); *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991); *United States v. O'Brien*, 895 F.2d 810, 815 (1st Cir. 1990); *United States v. Diaz*, 777 F.2d 1236, 1238 (7th Cir. 1985); *United States v. Hurtado*, 779 F.2d 1467, 1470 n.4 (11th Cir. 1985); *see also United States v. Moore*, 607 F. Supp. 489, 499 (N.D. Cal. 1985). "Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

In this case, Judge Patricco found the presumption in favor of detention to be rebutted after hearing proffers from Baker and the Government. Dkt. 49, at 9. Baker relied

primarily on the contents of the pretrial services report, adding only that he had financial assets with which to support himself and resume his mental health treatment if he were released. *Id.* at 6–7. He also stated that the employment he held prior to his arrest at a real estate company was still available. *Id.* at 7. The pretrial services report indicates he has resided in Twin Falls, Idaho, since 2015, and his parents reside in Shelley, Idaho. Dkt. 44, at 2; Dkt. 49, at 7. He has never been convicted of a felony or misdemeanor offense. Dkt. 44, at 3. Prior to the instant offense, the only criminal charge on his record is one count of driving without privileges, which was filed approximately ten years ago and dismissed less than a month later. *Id.* He reportedly has no history of substance dependency. *Id.*

The Government proffered that Baker's residence was located directly across the street from an elementary school. Dkt. 49, at 7. Baker did not dispute this, but indicated that his parents would allow him to reside with them in Shelley if needed. *Id.* at 7–8.

After considering the pretrial services report and the proffers made at the detention hearing, this Court adopts Judge Patricco's determination that Baker rebutted the presumption.

### B. Whether There are Conditions of Release that Will Reasonably Assure the Appearance of Baker as Required and the Safety of Any Other Person and the Community

Baker's rebuttal of the presumption of detention now requires the Government to show: (1) by a preponderance of the evidence that there are no conditions of release that will reasonably assure Baker's appearance as required, or (2) by clear and convincing evidence that there are no conditions of release that will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(g). The presumption of detention

"is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Hir*, 517 F.3d at 1086 (quotation omitted).

Judge Patricco concluded that the Government did not carry its burden to prove that Baker posed a flight risk, reasoning that the Government primarily relied on the fifteen-year mandatory minimum term associated with Count III.[2] Dkt. 49, at 24. He found that Baker enjoyed significant ties to the community. *Id.* The Court adopts Judge Patricco's findings and conclusion concerning Baker's risk of non-appearance.

Baker argues that the Government failed to establish by clear and convincing evidence that there are no conditions of release which would reasonably assure the safety of any other person and the community. He urges this Court to impose the same release plan which he proposed at the detention hearing based on his ties to the community and his empty criminal history. Baker does not offer new evidence; a hearing is, therefore, not required. *See Koenig*, 912 F.2d at 1193.

"Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). In considering whether to detain or release a defendant, the Court must weigh the following factors: (1) the nature and circumstances of

---

[2] The Government has not filed a cross-appeal challenging Judge Patricco's conclusion with respect to this theory of detention. *See generally* Dkt. 53.

MEMORANDUM DECISION AND ORDER - 7

the offense charged, including whether the offense involves a minor victim; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, criminal history, record concerning appearance at court proceedings, and whether he was under supervision at the time the offense or arrest; and (4) the nature and seriousness of the danger to any person or the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g). Of these factors, the weight of the evidence is the least important. *Gebro*, 948 F.2d at 1121.

The clear and convincing evidence standard is a "heavy" burden. *Motamedi*, 767 F.2d, at 1406. This standard requires the Government to prove its case to a higher probability than is required by the preponderance of the evidence standard, such that the factfinder has "an abiding conviction that the truth of its factual contentions are highly probable." *Colorado v. New Mexico*, 467 U.S. 310, 416 (1984) (quotation omitted); *accord United States v. Lonich*, 23 F.4th 881, 916 (9th Cir. 2022). "When the Government proves by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community . . . a court may disable the arrestee from executing that threat." *United States v. Salerno*, 481 U.S. 739, 751 (1987).

The issuance of an indictment by a grand jury establishes a rebuttable presumption that the charges therein are supported by probable cause. *Conrad v. United States*, 447 F.3d 760, 768 (9th Cir. 2006). In addition to this degree of proof established by the Indictment in this case, the Government presented evidence at the detention hearing which concern the § 3142(g) factors of the nature and circumstances of the offense charged, and the nature and seriousness of the danger to any person or the community that would be posed by

MEMORANDUM DECISION AND ORDER - 8

Baker's release.

For example, the Government offered testimony from the lead investigator in the case, Special Agent Christopher Knight, who testified that Baker encouraged his co-defendant, Rexanna Johnston, over an internet messaging application called Telegram to create child sexual abuse material using her approximately six-month-old niece. Dkt. 49, at 11. Baker prompted Johnston to sexually abuse her niece and send him photographs of the abuse on at least two occasions. *Id.* at 11, 13. Knight further testified that Baker's phone contained at least ten images of child sexual abuse material depicting prepubescent children. *Id.* at 12. Baker and Johnston discussed, in written messages, adopting Johnston's niece so they could sexually abuse her together. *Id.* They also discussed sexually abusing Johnston's eleven-year-old daughter. *Id.*

Law enforcement officers identified Baker as the user of the Telegram account and obtained a search warrant for his residence. *Id.* at 13; Dkt. 41-1, at 3. Baker was interviewed at the Twin Falls Police Department, where he admitted to being the user of the Telegram account in which the messages were transmitted and asking Johnston for specific exploitive images of her niece. Dkt. 41-1, at 3. He admitted knowing that Johnston's niece was a real child. *Id.* Baker also admitted that numerous other Telegram users had sent him images of child sexual abuse material because his username indicated he was interested in that material. *Id.*

The factors provided in § 3142(g)(1) and (4) weigh heavily in favor of detention after considering this evidence. Baker's admitted role in the sexual abuse of an infant for the purpose of producing and receiving child sexual abuse material is gravely concerning.

MEMORANDUM DECISION AND ORDER - 9

The Court finds Baker's release would pose a serious danger to other children due to the remote method by which the conduct in Count Three was allegedly carried out. *See* 18 U.S.C. § 3142(g)(1) (providing that whether the charge involves a minor victim is relevant in considering the nature and circumstances of the offense). Baker has proposed that his risk of re-offending could be mitigated by precluding him from using the internet. Dkt. 49, at 21–22; Dkt. 48, at 3. However, he acknowledges that this preclusion would turn on his voluntary compliance. Dkt. 49, at 21. The Court fails to see how imposing a condition of release regarding internet use would gain voluntary compliance from Baker when criminal statutes prohibiting child exploitation and the possession of child pornography allegedly have not.

Furthermore, the evidence adduced at the detention hearing indicates Baker planned to escalate his criminal activity prior to his arrest because he told Johnston at least three times that he wished to meet with her personally so he could sexually abuse her niece. Dkt. 41-1, at 2. Finally, while the least important § 3142(g) factor, the weight of the Government's evidence is substantial and thus leans in favor of detention.

Baker argues that finding that he poses a risk to public safety based solely upon the alleged offense conduct would be impermissible speculation. Dkt. 48, at 12; Dkt. 54, at 3–4. The Court disagrees. *See Salerno*, 481 U.S. at 743 (concluding government proved by clear and convincing evidence that the defendants posed an unacceptable risk to public safety if released based solely on conduct related to the indictment); *United States v. Aslanian*, 2022 WL 18046468 (9th Cir. Dec. 30, 2022) (concluding district court clearly erred when it found government failed to prove by clear and convincing evidence that a

defendant charged with conspiracy to use an interstate commerce facility in the commission of murder-for-hire who had no criminal history or documented substance abuse issues and had strong ties to the community posed an unacceptable risk to any other person and the community); *United States v. Powell*, 2022 WL 769479, at *2–3 (D. Idaho Mar.14, 2022) (ordering detention when Government proffered that defendant destroyed evidence related to the charges and had contacted an alleged minor victim, although he had previously been on pretrial release with no violations); *United States v. Howell*, 2017 WL 4411037, at *3–4 (D. Idaho Oct. 3, 2017) (ordering detention when defendant was alleged to have initiated an online chat with an undercover agent whom he believed to be under the age of eighteen and admitted to having sexual encounters with individuals whom he believed to be under the age of eighteen, although defendant had no criminal history or documented substance abuse problems). Of the four factors to be weighed in determining whether release should be ordered pending trial, the defendant's history and characteristics comprise only one. The remaining three factors concern the nature of the Government's case and public safety. *See* § 3142(g).

Baker points outside this district to other courts' decisions ordering pretrial release in cases involving child sexual abuse material, including a successful appeal of a magistrate judge's detention order concerning a defendant charged with sexual exploitation of a child and possession of child pornography. Dkt. 48 at 11 n.4, n.5 (citing *United States v. Bendann*, 2023 WL 5806108 (D. Md. Sept. 7, 2023)). In addition to the fact that this Court is not bound by law produced by any of the courts Baker relies upon with respect to this point, the *Bendann* case contains facts critically distinct from those at bar. Christopher

Bendann had previously been placed on pretrial release in state court and complied fully with its terms. 2023 WL 5806108, at *2. The offense conduct concerning his child exploitation charge did not appear to involve the use of the internet. Accordingly, a condition of release such as electronic monitoring could, among other conditions, reasonably assure that the exploitation would not continue. *Id.* at *3. In this case, Baker has no history, positive or negative, under court-ordered supervision from which to predict his compliance on pretrial release. *Report*, Dkt. 44. Furthermore, internet usage was instrumental to the conduct alleged in Count III and cannot be monitored as practicably as a defendant's geographic location.

## V. CONCLUSION

The Government has proved by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. Detention is, therefore, warranted.

## VI. ORDER

**IT IS ORDERED that:**

1.     Defendant Baker's Motion to Revoke Magistrate Court's Order of Detention (Appeal) (Dkt. 48) is **DENIED**.

2.     The Magistrate Court's Order of Detention Pending Trial (Dkt. 42) is **AFFIRMED**.

3.     The Government's Motion to Late File Government's Response to Defendant's Appeal (Dkt. 52) is **GRANTED**.

4. Defendant Baker's Motion to File Late Reply Brief (Dkt. 55) is **GRANTED**.

DATED: November 29, 2023

_____
David C. Nye
Chief U.S. District Court Judge